## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1450 | **DATE** | March 19, 2008 |
| **CASE TITLE** | Timothy Doyle Young (#60012-001) vs. U.S. Bureau of Prisons | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted thirty days in which to: (1) either file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee; and (2) either submit an amended complaint (plus a judge's copy and service copies), if Plaintiff is intending to bring a civil rights action under 28 U.S.C. § 1331, or, in the alternative, clarify that he is suing the Bureau of Prisons under the Federal Tort Claims Act, 28 U.S.C. § 2671. The Clerk is directed to send Plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**                                                                 Docketing to mail notices.

## STATEMENT

     Plaintiff, a federal prisoner, has brought this *pro se* civil rights action purportedly pursuant to 28 U.S.C. § 1331 and other federal statutes. Plaintiff appears to claim that the Bureau of Prisons has violated his constitutional rights by impeding Plaintiff's access to the Courts and by retaliating against him for his lawsuits.

     Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The Court must first assess an initial partial filing fee, and then direct correctional officials to continue making monthly deductions from Plaintiff's account toward payment of the filing fee until the full filing fee is paid. *See* 28 U.S.C. § 1915.

     To enable the Court to make the necessary initial assessment of the filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Thus, if Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court together with a

**(CONTINUED)**

mjm

**STATEMENT (continued)**

certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period (that is, from September 11, 2007, to March 11, 2008). Plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee.

Plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The complaint submitted is not on the Court's form, as required by Local Rule N.D. 81.1 (N.D. Ill.). More importantly, the complaint does not appear to name a proper defendant.

Assuming Plaintiff is intending to bring a federal civil rights action, he must file an amended complaint naming the individual officers who have allegedly denied him access to the courts and retaliated against him. *See, e.g., Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971). Plaintiff must also identify in his complaint, as best he can, the location of those officers. Plaintiff is advised that if the personnel he intends to sue are located at the federal penitentiary in Florence, Colorado, where plaintiff is currently incarcerated, then it is likely that the Court will transfer venue to the U.S. District Court for the District of Colorado. *See* 28 U.S.C. § 85.

A federal agency is a proper defendant only if the plaintiff intends to sue the government under the Federal Tort Claims Act (and in that event, the actual defendant would be the United States, not the Bureau of Prisons). *See* 28 U.S.C. § 2671, *et seq.* The plaintiff is advised, however, that the Federal Tort Claims Act imposes an administrative exhaustion-of-remedies requirement that differs from the PLRA's requirement that a prisoner exhaust internal prison grievance processes prior to filing suit in federal court. *See* 28 U.S.C. § 2675. If Plaintiff intends to due the government under the Federal Tort Claims Act, he must advise the Court whether, and when, he has completed the FTCA's exhaustion requirements.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.**

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, Plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.